Raymond R. JONES, Reverend, Plaintiff–Appellant,

v.

CRESTVIEW SOUTHERN BAPTIST CHURCH, f/k/a Cimarron Baptist Church, a Colorado corporation, Defendant–Appellee.

No. 07CA0471.

Colorado Court of Appeals, Div. I.

July 24, 2008.

James C. Vaughters, Englewood, Colorado, for Plaintiff–Appellant.

Rothgerber, Johnson, & Lyons, LLP, Eric V. Hall, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.*

Plaintiff, Reverend Raymond R. Jones, appeals the trial court judgment dismissing the action pursuant to C.R.C.P. 12(b)(1). We affirm.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and § 24–51–1105, C.R.S.2007.

## I. Background

Jones served as the senior pastor at Crestview Southern Baptist Church (the Church) from 1987 to 2005. In this action he asserted claims for breach of contract, unjust enrichment, quantum merit, and indebtedness, alleging that the Church failed to compensate him fully for his services as pastor since 1991.

Jones alleged that he is entitled to compensation for that period based on representations and assurances by the Church that it would compensate him whenever it was financially able to do so. According to the complaint, because the Church had obtained substantial proceeds from the sale of church property, it was obligated to perform on its contract for compensation.

In its second amended answer the Church denied liability and, among other things, specifically denied that Jones had adequately performed his duties as pastor.

The Church moved to dismiss the complaint under C.R.C.P. 12(b)(1), arguing that all the claims arose directly out of the ministerial relationship between Jones and the Church and that, therefore, under the First Amendment to the United States Constitution, the court was precluded from exercising subject matter jurisdiction. The trial court initially denied the motion to dismiss. However, upon reconsideration, and following hearings at which the parties made offers of proof, the court granted the motion, concluding that it could not exercise jurisdiction because resolution of the claims would involve excessive government entanglement with religion.

## II. Ecclesiastical Matters

The First Amendment to the United States Constitution provides, in pertinent part: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof ...." U.S. Const. amend. I. The First Amendment religion clauses are applicable to the states by virtue of the Fourteenth Amendment to the United States Constitution.

In interpreting the First Amendment freedom of religion provision, the United States Supreme Court has stated that religious organizations require "an independence from secular control or manipulation, in short, power to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Kedroff v. St. Nicholas Cathedral,* 344 U.S. 94, 116, 73 S.Ct. 143, 97 L.Ed. 120 (1952). As a result, religious organizations must be allowed to select their own clergy, free from government interference. *Id.*

Similarly, the Tenth Circuit Court of Appeals has held that churches have autonomy in making decisions regarding their own internal affairs and that the "church autonomy doctrine prohibits civil court review of internal church disputes involving matters of faith, doctrine, church governance, and polity." *Bryce v. Episcopal Church,* 289 F.3d 648, 655 (10th Cir.2002).

In *Van Osdol v. Vogt,* 908 P.2d 1122 (Colo. 1996), the Colorado Supreme Court noted that "both religion and government can best work to achieve their lofty aims if each is left free of the other within its respective sphere." 908 P.2d at 1131 (quoting *McCollum v. Bd. of Educ.,* 333 U.S. 203, 212, 68 S.Ct. 461, 92 L.Ed. 649 (1948)). The court went on to stress that "[w]hile some government entanglement with religion is inevitable, excessive entanglement is constitutionally impermissible." *Id.* at 1132; *see also Seefried v. Hummel,* 148 P.3d 184, 188 (Colo. App.2005) ("In certain circumstances, the First Amendment precludes a court from exercising jurisdiction over claims concerning a religious institution's activities on matters of religious doctrine or authority."); *Wolf v. Rose Hill Cemetery Ass'n,* 914 P.2d 468, 471 (Colo.App.1995)(holding that First Amendment prohibits civil courts from intervening in religious disputes involving matters of doctrine, discipline, practice, or internal organization).

In *Van Osdol,* the plaintiff minister, whose employment had been terminated by the church, filed an action asserting several claims, including alleged violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5, interference with contract, interference with prospective economic advantage, and breach of fiduciary duty. The supreme court determined that each of the claims would require the trial court to inquire into

the reasoning behind the church's choice of minister, which would entail consideration of matters inextricable from religious doctrine. Accordingly, the court determined that consideration of the claims was barred by the First Amendment and upheld their dismissal under C.R.C.P. 12(b)(1).

The threshold inquiry here is whether the underlying dispute is a secular one, capable of review by a civil court, or an ecclesiastical one about "discipline, faith, internal organization, or ecclesiastical rule, custom or law." *Bell v. Presbyterian Church,* 126 F.3d 328, 331 (4th Cir.1997) (quoting *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 713, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976)). While civil courts have jurisdiction to render decisions in religious controversies involving rights outside the doctrinal realm, such disputes must be resolved by application of secular or neutral principles of law, thereby avoiding any impermissible inquiry into ecclesiastical questions. *Wolf,* 914 P.2d at 471

Here, as noted, one of the issues to be resolved is whether Jones properly performed his duties as a pastor. Analysis of that issue would require inquiry into the Church's bylaws and the nature of the pastor's responsibilities as defined in his job description. The bylaws provide, among other requirements, "[The Pastor] is responsible for leading the church to function as a New Testament church. The Pastor will lead the congregation, the organization, and the church staff to perform their tasks in accordance with *1 Peter 5.*"

Similarly, the job description states, among other duties, that the pastor shall "[c]arry out other responsibilities put upon the pastor by scripture, as the under shepherd" and "[f]ulfill personal responsibility to witness and encourage people to become part of the church fellowship."

The determination whether Jones has performed such duties adequately would necessarily entangle the court or a jury in matters that are purely ecclesiastical. Accordingly, the trial court properly ruled that the First Amendment precluded it from exercising subject matter jurisdiction. *See Nevius v. Africa Inland Mission Int'l,* 511 F.Supp.2d 114 (D.D.C.2007)(dismissing missionary's claim against missionary organization for breach of contract as barred under the Free Exercise Clause); *see also McClure v. Salvation Army,* 460 F.2d 553, 558–59 (5th Cir. 1972) (holding that matters such as a minister's salary, place of assignment, and duties are matters of church administration and governance and are thus beyond the purview of civil authorities).

Further, resolution of Jones's equitable claims for unjust enrichment and quantum meruit would require determinations of the value of his services as a Baptist pastor, a matter that is largely ecclesiastical and thus not subject to court inquiry under the First Amendment.

The trial court therefore properly determined that because this action entails excessive entanglement with religion, the First Amendment precludes the exercise of subject matter jurisdiction.

The judgment is affirmed.

Judge HAWTHORNE and Judge TERRY concur.